# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 22-283V

|  |  |
|---|---|
| HUONG GARRETT,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 28, 2025 |

*Jessica Wallace*, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.

*Michael Joseph Lang*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On March 11, 2022, Huong Garrett filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration, a Table injury, resulting from an influenza vaccine she received on October 1, 2020. Petition, ECF No. 1. On August 27, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 64.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $85,330.98 (representing $84,765.50 in fees, plus $565.48 in costs). Application for Attorneys' Fees and Costs filed October 2, 2024 (ECF No. 70). Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 69.

Respondent reacted to the motion on October 14, 2024, representing that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 72. Petitioner filed a reply on October 15, 2024, reiterating the request for fees and costs as indicated in the Motion. ECF No. 73.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Hourly Rates*

The hourly rates requested for attorneys Wallace and Gambella, plus their associated paralegals, for all time billed in this mater are reasonable and consistent with prior determinations and will therefore be adopted. But the total amount of fees to be awarded requires adjustment.

*B. Intra-office communication*

The billing records reflect that multiple attorneys billed for the same meetings with each other.[3] For example, on January 10, 2023, both Ms. Wallace and Ms. Gambella billed for the same phone call exchange to "discuss updated medical records required and to discuss reaching out to client to request financial information." See ECF No. 71-1 at 14. The invoices reveal a common practice of intra-office communications, suggesting some degree of unnecessary overlap and inefficiency compounding the amount of fees requested herein.

It is well established that attorney's fees may be reduced due to duplicative billing practices. See *Tetlock* v. *Sec'y of Health & Human Servs*., No. 10-56, 2017 WL 5664257 (Fed. Cl. Spec. Mstr. Nov. 1, 2017) (reduced counsel's overall fee award for excessive and duplicative billing); *Panaitescu* v. *Sec' y of Health & Human Servs*., No. 16-753V, 2017 WL 4876036 (Fed. Cl. Spec. Mstr. Oct. 2, 2017) (reduced counsel's overall fee award due to billing for excessive email correspondence with the client and with each other); See also *Ericzon* v. *Sec'y of Health & Human Servs*., No. 10–103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced counsel's overall fee award by 10 percent due to excessive and duplicative billing).

---

[3] Specific billing entries of intra-office communications include: 1/10/23 (two entries), 4/13/23, 5/19/23 (two entries), 5/30/23 (two entries), 7/13/23 (two entries), 10/11/23 (two entries), 4/30/24 (two entries), 9/11/24 (two entries). *Id.*

C. *Excessive Billing Practices*

Another significant issue permeating the billing records in this case is counsel's inefficient use of attorney resources. Many of the tasks for which counsel has billed would have been better handled by more junior members of counsel's team. Thus, for example, Attorney Gambella billed 50.80 hours to draft the medical chronology in this case, at an hourly rate of $380.00 (totaling $19,304.00 on this task alone). Ms. Gambella also billed 22.90 hours drafting the Petition, which consisted of 20 pages total. ECF No. 1. I find the amount of time dedicated to these tasks to be somewhat excessive as well.

D. *Paralegal Tasks Billed at Attorney Rates*

The invoices further reflect several instances in which tasks that are considered paralegal in nature were billed at an attorney's hourly rates.[4] In the Vaccine Program, "tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries are reasonable, they must be charged at a reduced rate comparable to that of a paralegal.

E. *Summary of Fee Reduction*

In determining the amount of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary'" based on his or her experience or judgment." *Hocraffer v. HHS*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011). And in evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments.

Here, such an overall percentage cut is reasonable, and preferrable to a time-consuming line-by-line review of the bill. I therefore reduce the total fees to be awarded

---

[4] Examples of tasks considered paralegal in nature: 2/23/21, 3/4/21, 3/8/24 (two entries), 3/27/24 (three entries), 3/29/24, 4/19/24, 5/2/24, 10/1/24 at ECF No. 71-1.

herein by *ten percent* as a fair adjustment to account for the billing issues hereto. This results in an overall reduction in the amount of fees to be awarded herein of **$8,476.55**.[5]

Petitioner has provided supporting documentation for all claimed costs, however, ECF No. 71 at 41-51. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $76,854.43 (representing $76,288.95 in fees plus $565.48 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] This amount is calculated as ($84,765.50 x 0.10) = $8,476.55.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.